**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARREN LAURY,

Plaintiff,

v.

Case No. 1:26-CV-10571
District Judge Michael C. Martin

KAREN HANSON, et. al.,

Defendants.
_______________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT**

Currently before the Court is Plaintiff Darren Laury's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state inmate confined at the Genesee County Jail in Flint, Michigan. On February 23, 2026, Magistrate Judge David R. Grand issued an Order of Deficiency (ECF No. 3). The Order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his jail or prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in his institutional trust fund account for the past six months; the Order alternatively allowed Plaintiff to pay the three hundred and fifty ($350.00) dollar filing fee, plus an additional fifty five ($55.00) dollar administrative fee. Plaintiff

was given thirty days to comply with the Order. (ECF No. 3). To date, he has not paid the filing fee nor supplied the requested documentation.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). Under 28 U.S.C. § 1915(a), prisoners are provided the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). If the prisoner does not comply, the district court shall dismiss the case for lack of prosecution. *Id.*

The Court will dismiss the complaint for want of prosecution, because of Plaintiff's failure to comply with Magistrate Judge Grand's deficiency order by

failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See e.g. Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004) (unpublished).

Accordingly, it is **ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this Order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

s/ Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Dated: October 27, 2026